# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CAROLINE PATTON GRIFFIN, Individually and as Surviving Spouse and Executor of the Estate of LEE DIXON GRIFFIN, JR., | : : : : : |
| Plaintiff, | : Civil Action File No.: 1:23-cv-03107- : TWT |
| v. | : : |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR MANUFACTURING, TEXAS, INC.; and JIM ELLIS AUTOMOTIVE HOLDINGS, INC., | : : : : : : : : : : : : |
| Defendants. | : |

## TOYOTA DEFENDANTS' MOTION FOR ENTRY OF A SHARING PROTECTIVE ORDER AND MEMORANDUM OF LAW

NOW COME Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A. Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Manufacturing, Texas, Inc. (collectively, the "Toyota Defendants" or "Toyota") and hereby move this Court pursuant to Fed. R. Civ. P. 26(c)(1) for entry of the proposed Protective Order attached hereto as Exhibit "A", showing this Honorable Court as follows:

## I.  INTRODUCTION

The parties here have exchanged competing versions of a protective order for use in this case.  As such, they both acknowledge and agree that a protective order is appropriate; they just disagree to its terms.  Because the terms of the protective order proposed by Plaintiffs are insufficient and do not adequately protect Toyota's confidential and proprietary documents sought in discovery, Toyota proposed a proper and appropriate protective order for use in this case. Toyota's proposed Protective Order allows Plaintiff access to Toyota's confidential documents, while safeguarding those documents from improper use and dissemination, thereby protecting Toyota's proprietary interests in the documents and information contained therein.  Toyota's proposed Protective Order should be entered for use in this case.

## II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

This is an automotive product liability case in which Plaintiff alleges that Lee Griffin died from carbon monoxide poisoning after his 2017 Toyota Tacoma was left running in his garage at home. Plaintiff alleges that the Tacoma's push-button ignition (known as "Smart Key System") is defectively designed because it should have been equipped with an automatic engine shut-off feature.

Many of the documents sought by Plaintiff in discovery are confidential and contain proprietary and trade secret information regarding the design and

development of Toyota's Smart Key System. While Toyota agrees to produce such documents to Plaintiff for use in prosecuting their claims, entry of a protective order is needed before such production.

### A. Toyota's Proposed Protective Order

On August 21, 2023, Toyota submitted a proposed Protective Order to Plaintiff to govern Toyota's production of confidential documents in discovery. (*See* Exhibit "B", Email Correspondence). Toyota's proposed Protective Order is proper and appropriate, and contains necessary and reasonable provisions to protect Toyota's confidential documents from improper dissemination and use after production in this case. Toyota has a property interest in its confidential documents, which contain proprietary and trade secret information regarding Toyota's development of its Smart Key System, among other subjects.

Toyota's proposed Protective Order allows sharing of documents with other plaintiff's counsel representing parties in cases against Toyota alleging carbon monoxide poisoning injury or death allegedly resulting from the driver of a Toyota vehicle equipped with Smart Key leaving the vehicle's engine running in an enclosed attached garage. Toyota's proposed Protective Order also allows Plaintiff to use Toyota's documents throughout the case in hearings and in depositions, while maintaining confidentiality over covered documents during all phases of this case, including pre-trial, trial, and post-trial proceedings.

Toyota's proposed Protective Order is modeled after other protective orders that were accepted by other Plaintiff's counsel in Georgia courts, most recently in *Robertson v. Toyota*, Case No. 23-C-03091-S4 (Gwinnet Co. Cir. Ct., 2023), a case that also alleges Toyota's Smart Key System is defectively designed because it did not incorporate an automatic engine shut-off feature. (*See* Exhibit "C", Stipulated Protective Order from *Robertson v. Toyota*[1]). Toyota's proposed Protective Order is also similar to the one agreed to by this same Plaintiffs' counsel here when they represented the plaintiffs in *Hill v. Ford* (both when the *Hill* case was in Cobb County and again after it was dismissed and refiled in Gwinnett County). (*See* Exhibit "D", Stipulated Protective Orders from *Hill v. Ford*). In addition, Toyota's proposed Protective Order is similar to the protective order entered very recently in another automotive product liability case involving this same plaintiffs' counsel: *Brogdon v. Ford Motor Company,* (4:23-CV-00088-CDL) (M.D. Ga. 2023). In *Brogdon*, although plaintiff's counsel advanced the same arguments to oppose the protective order that Plaintiff's counsel has asserted in his correspondence with Toyota in the instant matter, the court granted Ford's motion and entered Ford's proposed protective order over those similar objections.

---

[1] *See also* the Stipulated Protective Orders agreed to by the parties and entered by the courts in the following cases, all of which are substantively similar to Toyota's proposed Protective Order in this case: *Zafar v. Toyota Motor Corp., et al.*, (Gwinnett County, GA, Civ. Act. No. 18-C-02049-3), Order dated Oct. 22, 2019 attached as Exhibit "E"; *Jenness v. Toyota Motor Corp., et al.* (DeKalb County, GA, Case No. CV-19A75448), Order dated July 13, 2020, attached as Exhibit "F".

4

Here, Toyota proffers a stipulated Protective Order based on (1) a sharing order many Georgia Courts have accepted in recent cases in complex product liability actions against manufacturers and distributors in the automotive industry; and (2) an order Plaintiff's counsel agreed to twice in another case with product liability claims against another automotive defendant—Ford Motor Company.

### B. Plaintiff's Objection to Toyota's Proposed Protective Order and Plaintiff's Proposed Order

On August 22, 2023, Plaintiff's counsel emailed Toyota and advised that they would not agree to Toyota's proposed protective order. Therein, Plaintiff's counsel asserted that although Toyota's proposed Protective Order was similar to the proposed Protective Order in *Mills* [*Brogdon*] *v. Ford*, it was unacceptable for use in this case, and "ridiculous" that Toyota would propose it here. (*See* Exhibit "B", correspondence from J. Butler).[2]

Like they argued (unsuccessfully) in *Brogdon*, Plaintiff's counsel erroneously claim the proposed Protective Order in this case not only imposes unreasonable burdens, but baselessly asserts that Toyota's proposed Protective Order is radically different than Orders entered in other past cases. (*See* Exhibit "G", Ford's and Plaintiff's proposed Protective Orders, the Court's Order directing the final Protective Order to be submitted, and the Protective Order entered by the Court).

---

[2] As noted above, a substantially similar version of this allegedly "ridiculous" Protective Order was entered by Judge Land in the Middle District of Georgia over the objection of this same Plaintiffs' Counsel on September 7, 2023.

Instead of using Toyota's proposed Protective Order, Plaintiff's counsel proposed that the parties stipulate to the entry of an entirely new protective order which is insufficient and does not properly protect Toyota's confidential documents. Indeed, while this protective order is deficient for multiple reasons, one of its main failings is that it strips protection over Toyota's confidential documents by virtue of their use in any proceeding, including hearing, trial or deposition, which is inconsistent with caselaw in this Circuit.[3]

Conversely, Toyota's proposed Protective Order is reasonable and has been accepted by Georgia courts and other plaintiffs in other cases. Pursuant to Fed. R. Civ. P. 26(c)(1), Toyota attempted to confer in good faith with Plaintiff's counsel on its entry. (*See* Exhibit "B"). Plaintiff's counsel unreasonably refused to agree to the terms of Toyota's proposed Protective Order. (*Id*.) Therefore, Toyota is constrained to move for entry of its proposed sharing Protective Order.

---

[3] Plaintiff's proposed protective order provides that Toyota's confidential documents may be used "for any appropriate purpose at trial or other hearing, subject to evidentiary objections, if any, and for any legitimate purpose during discovery," and provides that any such use negates confidentiality over the document, essentially making it public. *See* Plaintiff's Proposed Protective Order, Exhibit "H". This is not the law in this Circuit.

### III.   ARGUMENT AND CITATION OF AUTHORITIES

####    A.   **Good Cause Exists for Entry of a Protective Order.**

Good cause exists under Fed. R. Civ. P. 26(c) for the entry of Toyota's proposed Protective Order. Fed. R. Civ. P. 26(c) provides in pertinent part:

> A party or any person from whom discovery is sought may move for a Protective Order in the court where the action is pending … includ[ing] a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party … **requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way**[.]

(emphasis added). The Court has wide discretion in crafting a Protective Order to protect the dissemination of confidential information. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

Good cause exists here for entry of a Protective Order because the proposed Protective Order is necessary, is not over-reaching, and does not cover all documents produced. The global automotive industry is among the most highly competitive industries in the world. Dissemination of information beyond those permitted by Toyota's proposed Protective Order would likely cause untold financial harm to Toyota. *Seattle Times Co. v Rhinehart*, 467 U.S. 20, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) at 35-36; ("The prevention of the abuse that can attend the coerced production of information under a state's discovery rule is sufficient justification for

7

the authorization of Protective Orders."). Certain documents and other materials concerning the research, design, and development of certain technologies of Toyota vehicles contain highly confidential and proprietary trade secret information, including testing data and related materials generated as part of ongoing development and research efforts that are exclusive to Toyota and its licensees, that will greatly impact the companies' competitive advantage in their industries. Toyota has invested significant time and money over many years to develop the information and processes described in these documents.

Many documents Toyota will produce are commercially sensitive, contain trade secrets, would be invaluable to Toyota's competitors, and would cause irreparable injury to Toyota if publicly disseminated. This proprietary information is still used today and is valuable to Toyota, both as its property and because its competitors lack access to it. Toyota has gone to great lengths to protect this information and these documents from widespread dissemination and to keep this information secret. Toyota works to maintain the confidentiality of its documents by restricting access to documents and through the use of technology and other security protocols and processes.

Toyota's proposed Protective Order should be entered because it permits production of Toyota's confidential documents for use by Plaintiff in this case, while simultaneously protecting Toyota's legitimate property interests in the documents

and the confidential information they contain. Toyota's proposed Protective Order has no effect on the scope of discovery, or the documents sought or to be produced in this case. Toyota simply seeks to balance Plaintiff's need for Toyota's confidential documents with its own need to safeguard those same materials from its competitors and others to whom dissemination would cause Toyota competitive harm. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (*per curiam*), quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (when concealing case documents, the court must balance the competing interests of the parties.) Toyota's proposed order will safeguard Toyota—*at no cost to Plaintiff*—from unauthorized disclosure of Toyota's proprietary and commercially sensitive business information.

### B.   The Parties Agree that a Protective Order is Appropriate.

The parties collectively agree that a protective order is appropriate in this case. Indeed, despite their hyperbole that Toyota's proposed Protective Order is "ridiculous", Plaintiff appears only opposed to a small subset of language in Toyota's proposed Protective Order. (Exhibit "A"). Namely, Plaintiff's primary opposition to Toyota's proposed Protective Order boils down to the following main issues:

1. whether it is up to the party challenging the confidentiality of a document produced subject to the protective order to present the

disagreement to the Court via motion (see Toyota's proposed Stipulated Protective Order, Exhibit "A", at para. 17) or the party producing the protected documents to present a motion to the Court to preserve the confidential status of a document that the receiving party challenges as such (see Plaintiff's proposed Stipulated Confidentiality Order, Exhibit "H", at para. no. 4); and

2. whether any confidential document used at a hearing or at trial should automatically lose its protected status. *Compare* Toyota's proposed Stipulated Protective Order, Exhibit "A", at para. 21 ("the parties agree to take reasonable steps to maintain the confidentiality of any 'confidential information' at any hearing or upon trial of this matter") with Plaintiff's proposed Stipulated Confidentiality Order, Exhibit "H", at para. no. 9 ("The material designated Confidential may be used by either party for any appropriate purpose at trial or other hearing, subject to evidentiary objections, if any.")

This Court should resolve both of these issues in favor of the provisions included in Toyota's proposed Protective Order.

    **C.    Toyota's Procedure for Challenging the Confidential Status of Documents Should be Adopted.**

Toyota's proposed procedure for resolving disputes regarding the claimed confidential status of documents is reasonable, consistent with numerous stipulated

protective orders agreed to by Plaintiff and entered by courts across the country, including Georgia, and is most likely to minimize the number of disputes over confidential documents that require the Court's resources to adjudicate. Importantly, Toyota's proposed procedure still maintains the ultimate burden of proof for substantiating a document's confidential status **_on the party claiming protection over that document_**. *See* Toyota's proposed Protective Order, Exhibit "A," at para. 17 ("The party asserting that documents or other tangible litigation materials constitute 'Confidential Information' shall bear the burden of proof that the criteria of this Stipulated Protective Order apply.").

However, the key difference between Plaintiff's proposed procedure for resolving such disputes and Toyota's is that Plaintiff's proposal requires the party producing the protected document to file a motion with the Court whenever the receiving party asserts an objection to a document's protected status and, if no motion is filed, the document loses confidentiality and becomes public. As a practical matter, it is easy for parties to raise objections, but if the challenging party must file a motion to have those objections resolved by the Court, there is greater incentive for the challenging party to meet and confer in good faith with their opponent.

Under Plaintiff's procedure, Toyota will likely be forced to file multiple time-consuming and costly motions to substantiate its confidentiality claims whenever

11

Plaintiff objects to Toyota's designations. Instead, this Court—like other courts across the state of Georgia have frequently done in other cases—should require the objecting party to file any motions to challenge the confidential status of documents produced subject to the Protective Order. *See* Exhibits "C", "D", and "E" [other Ga. courts endorsing Toyota protective orders from *Robertson* and cited in fn. 1 above].

Accordingly, Toyota's proposed Protective Order should be entered.

### D. Toyota's Confidential Documents Should Remain Protected Through Trial.

Toyota's proposed Protective Order provides that protected documents maintain their protected status *even if used in the taking of depositions and/or used as trial exhibits* so long as Toyota either "(i) [makes] a statement [that the documents are confidential] on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) days after the receipt of the draft or final transcript." *See* Exhibit "A", Para. 13.

Toyota has a significant interest in protecting its proprietary information and trade secrets. Potentially sealing proprietary and trade secret documents used at deposition, in connection with a case filing, or during a hearing or trial will not prejudice Plaintiff; Plaintiff will still be able to use the documents in the furtherance of his case. However, failing to seal protected documents from the public record would prejudice Toyota and impair its ability to compete in the marketplace, thereby

12

eroding its competitive advantage. Toyota recognizes a litigant's right to judicial records; however, the United States Supreme Court has held that right is not absolute. *See Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes…courts have refused to permit their files to serve as…sources of business information that might harm a litigant's competitive standing.")[4]

Conversely, Plaintiff's proposed Protective Order offers no protection whatsoever for confidential documents that may be used at a hearing or at trial, or appended to a case filing, and in effect, strips the protections otherwise afforded confidential documents simply by using them at a deposition, hearing or at trial:

---

[4] See also *Chicago Tribune,* 263 F.3d at 1311 (the Eleventh Circuit recognizes both a common law right and a limited First Amendment right of access to civil trial proceedings). "[T]he mere filing of a document does not transform it into a judicial record." *Commr., Alabama Dept. of Corrections v. Adv. Loc. Media, LLC*, 918 F.3d 1161, 1167 (11th Cir. 2019). For example, documents filed in connection with discovery motions or used at discovery-related hearings are not considered judicial documents and are not subject to the common law right of access. *Chicago Tribune Co.,* 263 F.3d at 1313 (11th Cir. 2001); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987). Rather, judicial documents are those that are "integral to the 'judicial resolution of the merits' in any action taken by that court." *Id.*; *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 64 (11th Cir. 2013); *Chicago Tribune*, 263 F.3d at 1312 (11th Cir. 2001). Even then, judicial records may still be sealed, but the standard to seal is somewhat higher. *Advance Loc. Media*, 918 F.3d at 1166–68 (when a document is filed, the type of filing to which it is attached is a factor for the Court to consider in deciding whether the document constitutes a judicial record); *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (presumption applies to "material filed in connection with pretrial motions that require judicial resolution of the merits" but not documents "filed in connection with motions to compel discovery").

> The material designated Confidential may be used by either party for any appropriate purpose at trial or other hearing, subject to evidentiary objections, if any, and for any legitimate purpose during discovery.

*See* Exhibit "H", Para. 9.

Plaintiff's position is not supported by the law. *See Nixon v. Warner Commc'ns,* 435 U.S. at 598. Likewise, the Georgia Supreme Court has held that trial courts may "limit access to court records if the court finds that 'the harm otherwise resulting to the privacy of a person in interest clearly outweighs the public interest.'" *Savannah College of Art & Design, Inc. v. School of Visual Arts, Inc.*, 270 Ga. 791, 792 (1999) (the Court reversed a trial court's ruling that confidential documents should be open for public inspection and held that the trial court had abused its discretion by concluding that the moving party's privacy interest did not outweigh the public's interest in access to court records).

More specifically, though, the type of confidential documents that Toyota may seek to protect in this case have frequently been sealed by the federal district courts in Georgia. *See, e.g., Chemence Med. Prods. v. Medline Indus., Inc.*, No. 1:13–CV–500–TWT, 2015 WL 149984, at *3-6 (N.D. Ga. 2015) (granting several motions to seal excerpts and exhibits of depositions where product specifications and confidential business transactions were discussed); *Cognotion, Inc. v. Grace Hill, LLC*, CV 115-201, 2016 WL 1529904 at *1-2 (S.D. Ga. 2016) (granting motion to seal Complaint that contained confidential business information). There is no

14

substantial justification for waiving the confidentiality over a document simply because excerpts may be shown in a courtroom at trial or during a hearing.

Toyota's requests to seal documents will be reasonable and narrowly tailored to the needs of this case, including with respect to confidential documents used at trial. Including Plaintiff's language would result in the loss of protection afforded to confidential documents simply because they are used at a hearing or at trial.

For the reasons set forth above, Toyota respectfully requests that this Court enter Toyota's proposed Protective Order.

## IV.  CONCLUSION

Toyota respectfully requests that this Court enter its proposed Protective Order governing the use of confidential documents, as it is reasonable and consistent with protective orders entered by Georgia courts in similar cases, including cases involving Plaintiff's counsel.

Respectfully submitted this 3rd day of November, 2023.

                                                                                WATSON SPENCE LLP

                                                                                ***/s/ Philip A. Henderson***
                                                                                Michael R. Boorman
                                                                                Georgia Bar No.:  067798
                                                                                Philip A. Henderson
                                                                                Georgia Bar No.:  604769
                                                                                999 Peachtree Street NE
                                                                                Suite 1130
                                                                                Atlanta, GA 30309
                                                                                Telephone: 229-436-1545
                                                                                mboorman@watsonspence.com

phenderson@watsonspence.com

Bard Borkon
*Admitted Pro Hac Vice*
Jessica Garrity
*Admitted Pro Hac Vice*
Bowman & Brooke LLP
150 South 5th Street, Suite 3000
Minneapolis, MN 55402
bard.borkon@bowmanandbrooke.com
jessica.garrity@bowmanandbrooke.com

***Counsel for Toyota Defendants***

## **<u>FONT CERTIFICATION</u>**

Pursuant to Local Rule 7.1D, I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

           WATSON SPENCE LLP

           ***<u>/s/ Philip A. Henderson</u>***
           Philip A. Henderson
           Georgia Bar No.: 604769

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> James E. Butler, Jr.
> Ramsey B. Prather
> Daniel E. Philyaw
> Allison B. Bailey
> BUTLER PRATHER LLP
> P.O. Box 2766
> Columbus, GA 31902
> jim@butlerprather.com
> ramsey@butlerprather.com
> dan@butlerprather.com
> allison@butlerprather.com
> *Counsel for Plaintiff*
>
> Wayne S. Melnick
> E. Andrew Treese
> Geoffrey F. Calderaro
> FREEMAN MATHIS & GARY LLP
> 100 Galleria Parkway
> Suite 1600
> Atlanta, GA 30339
> wmelnick@fmglaw.com
> atreese@fmglaw.com
> geoffrey.calderaro@fmglaw.com
> *Counsel for Defendant Jim Ellis Automotive Holdings, Inc.*

This 3rd day of November, 2023.

>                    */s/ Philip A. Henderson*
>                    Philip A. Henderson
>                    Georgia Bar No.: 604769