# EXHIBIT B

# Philip A. Henderson

| | |
|---|---|
| **From:** | Jim Butler <jim@butlerprather.com> |
| **Sent:** | Tuesday, August 22, 2023 11:21 AM |
| **To:** | Philip A. Henderson; Ramsey Prather; Michael R. Boorman |
| **Cc:** | Michelle L. H. Miller; Dan Philyaw; Sarah Daley; Beth Glen; Ginger Busby |
| **Subject:** | RE: Griffin v. Toyota - protective order |
| **Attachments:** | 2023-08-07 DEP to DC re encl Pltf prop confidentiality order, pls let us know by close of business Friday whether the Def will consent to this prop order.docx; 2023-08-10 - Mr. Gunn to all - file Joint MPO with exhibits - each party objections to other party proposed PO.docx; 2023-08-17 Joint Proposed PO Doc 19.pdf; Ex. B  - Plaintiffs Objections to Ford's Proposed PO.pdf |

Toyota counsel:

This responds to Mr. Henderson's email sent last night at 803 pm.

1. **Confidentiality order/"protective order"**

On August 7, which was 15 days ago, we sent to you Plaintiffs' proposed confidentiality order. See email, attached. Toyota did not respond at all.

That was after the R26 conference on that date. Prior to the conference, on August 4, Toyota had sent us a proposed draft Joint Preliminary Report that represented "the parties are working towards agreement on a protective order" – a statement that was false, since there'd been no discussion of such a thing at all.   At the R26 conference Mr. Boorman admitted that Toyota had not sent to us a proposed "protective order."  Mr. Boorman then stated "we're hoping to send you that."  Mr. Boorman stated Toyota would send a proposed protective order "by the end of the week." That would have been August 11.

Last night at 803 pm – two weeks after the R26 conference - Toyota counsel sent to us a proposed "protective order".

Toyota knew when it sent that thing it was unacceptable to Plaintiff.   We had just been through this same discussion – with the same lawyers, Boorman and Henderson, in the case of *Mills v. Ford*, pending in U S District Court in Columbus GA.  The proposed protective order Toyota sent in this *Griffin* case was much like the proposed protective order the same lawyers had sent in *Mills v. Ford*.  Messrs Boorman and Henderson had been told *before* Ford sent its proposed protective order in *Mills* that that form of protective order would be unacceptable to the *Mills* Plaintiffs; Messrs Boorman and Henderson were told *after* they sent Ford's proposed protective order in *Mills* that that proposed protective order was unacceptable; *then* last night Messrs and Boorman sent to us, in this case, *Griffin v. Toyota*, a proposed protective order much like the one they sent in Mills – only even more ridiculous.

Toyota counsel wrote below, "if you have any changes, redline them and send it back for our review. "  Toyota counsel knew when they typed those words that was impossible.  We'd just confronted that impossibility in *Mills v. Ford*.  Because in that case the parties' proposed draft protective orders were so radically different, the undersigned had, in *Mills v. Ford,* suggested to Judge Land's Courtroom Clerk Mr. Gunn that perhaps Judge Land would like to address that issue (the parties' radically different proposed protective orders) at the then-scheduled in-person scheduling conference set for August 24.  There was a series of emails – see attached, culminating in instructions from the Court for the parties in *Mills* to file a Joint MPO and attach thereto each party's proposed protective order with the other party's redline objections thereto.  That was done – see attached.   Toyota counsel Messrs Boorman and Henderson were completely and thoroughly aware of Plaintiffs' counsel's objections to the kind of protective order proposed last night by Toyota – because those lawyers then (at that time) had Plaintiff's counsels' stated objections to such a protective order: it was "Exhibit B" to the Joint MPO filed 8/17 in *Mills v. Ford,* which is attached hereto.

Not only did Toyota propose a protective order it and its counsel knew was unacceptable to Plaintiff, Toyota proposed one that was even more ridiculous than the one its counsel proposed in *Mills v. Ford*.  We won't attach adverbs to such conduct, except to say that conduct is clearly in bad faith.

There's no point in discussing what's wrong with Toyota's proposed protective order – Toyota counsel already have the objections made to a very similar proposed protective order sent by the same counsel in *Mills v. Ford*. (See attached "Exhibit B", filed 8/17.)  There's no point in debating, now, with you, what about the Toyota proposal you sent is worse than the Ford proposal you sent.   Toyota has had the proposed protective order Plaintiff proposed in this *Griffin* case for 15 days, and has not deigned to comment upon it.  SO, kindly file the Toyota motion for protective order, now.  Plaintiff will respond in full. Then Judge Thrash can take up that issue as well as the others posed by the JPR and proposed scheduling order.

IF, instead of litigating over a protective order, Toyota would like to comment upon and redline-edit the Plaintiffs' proposed confidentiality order sent to Toyota counsel on 8/7, we can certainly work from that document.  But if Toyota chooses to do that, we request that Toyota not try to edit this Plaintiff's proposed protective order in such a way as to create the same problems to which Toyota counsel know we already object.

Those problems include (but are not limited to – see the attached "Exhibit B" document filed in *Mills*) that (a) the defendants insist upon treating documents as "confidential" without a showing that such documents are entitled to such treatment, which is contrary to law; (b) the defendants demand a more expansive 'right' to decree that documents are "confidential" than the law allows; (c) the defendants try to shift the burdens associated with claiming supposed "confidentiality" from defendant to Plaintiff; (d) the defendants try to circumscribe the sharing of documents among plaintiffs' lawyers handling similar cases involving the same defect – which is a mechanism to allow the defendant to conceal evidence; (e) the defendants demand a cumbersome process that imposes unnecessary burdens upon Plaintiffs' counsel and their staff, for the express purpose of laying traps so that the defendant can then accuse Plaintiffs' counsel of "violating" the protective order;

2. **Joint Proposed Report and proposed Scheduling Order**

Of course we do not object to Toyota revising its own portions of the JPRDP we sent to you on Monday 8/21.

Please provide whatever changes you want to make to Toyota's own portions of the JPRDP by noon, Friday, 8/25, if not before, so that we can get it filed.  There's no reason to wait til the very last day, 8/28, to file this document with the Court.   There's no reason you need more than 4 days to draft your inserts to Toyota's own portions of the document.

As we always done with respect to such filings, we'll incorporate whatever changes/edits/additions you want to make to Toyota's own portions of the document into the document that is filed.

James E. Butler, Jr.

---

**From:** Philip A. Henderson <phenderson@watsonspence.com>
**Sent:** Monday, August 21, 2023 8:03 PM
**To:** Ramsey Prather <ramsey@butlerprather.com>; Jim Butler <jim@butlerprather.com>; Michael R. Boorman <mboorman@watsonspence.com>
**Cc:** Michelle L. H. Miller <mmiller@watsonspence.com>; Dan Philyaw <dan@butlerprather.com>; Sarah Daley <sdaley@butlerprather.com>; Beth Glen <beth@butlerprather.com>; Ginger Busby <ginger@butlerprather.com>
**Subject:** RE: Griffin v. Toyota - protective order

Ramsey,

First, attached is our proposed Protective Order to govern the production and use of confidential documents in this case. Please review and, if you have any changes, redline them and send it back for our review.

Second, we would like to make some additions to the proposed JPRDP, in light of several of the additions you have made. For example, in Section 2, your position contains 11 paragraphs of argument about the complexity of the case – our portion we previously submitted did not contemplate any argument would be presented on this topic, and as such, we may want to revise our portion accordingly. As for Para. 11, we will either agree to your proposal, or oppose it. In the event we oppose it, after reviewing the law and discussing with our clients, we would like the opportunity to make our argument to the Court as you have. Additionally, in light of your arguments in Sections 11(b), we may also want to add arguments of our own.

Per the Court's Order (Doc. 18), this JPRDP is not due for filing until Monday, August 28. There's no need to file it tomorrow and ask that you give us until Noon on Friday, August 25 to make any revisions based upon yours that you just shared with us this afternoon.

Regards,
Philip

**WATSON SPENCE LLP**
ATTORNEYS AT LAW

**PHILIP A. HENDERSON**
999 Peachtree Street, N.E.
Suite 1130
Atlanta, Georgia 30309
Main: 229-436-1545

---

**From:** Ramsey Prather <ramsey@butlerprather.com>
**Sent:** Monday, August 21, 2023 3:32 PM
**To:** Philip A. Henderson <phenderson@watsonspence.com>; Jim Butler <jim@butlerprather.com>; Michael R. Boorman <mboorman@watsonspence.com>
**Cc:** Michelle L. H. Miller <mmiller@watsonspence.com>; Dan Philyaw <dan@butlerprather.com>; Sarah Daley <sdaley@butlerprather.com>; Beth Glen <beth@butlerprather.com>; Ginger Busby <ginger@butlerprather.com>
**Subject:** RE: Griffin v. Toyota - protective order

Toyota counsel:

Please find attached the Joint Preliminary Report and Discovery Plan. Also attached is a redline showing Plaintiff's edits to the draft Toyota sent.

We plan to submit this to the Court by close of business tomorrow.

Thanks.

Ramsey Prather


Ramsey B. Prather
Butler Prather LLP
(404) 321-1700
www.butlerprather.com

3

**Columbus Office**
P.O. Box 2766
Columbus, GA 31902

**Atlanta Office**
12 Lenox Pointe
Atlanta, GA 30324

**Savannah Office**
7 East Congress Street
Suite 400
Savannah, GA 31401

---

**From:** Philip A. Henderson <phenderson@watsonspence.com>
**Sent:** Wednesday, August 16, 2023 7:54 PM
**To:** Jim Butler <jim@butlerprather.com>; Michael R. Boorman <mboorman@watsonspence.com>
**Cc:** Michelle L. H. Miller <mmiller@watsonspence.com>; Ramsey Prather <ramsey@butlerprather.com>; Dan Philyaw <dan@butlerprather.com>; Sarah Daley <sdaley@butlerprather.com>; Beth Glen <beth@butlerprather.com>; Ginger Busby <ginger@butlerprather.com>
**Subject:** RE: Griffin v. Toyota - protective order

Jim,

Our apologies for the delay. We will aim to get you the proposed PO by the end of the week.

Regards,
Philip



**PHILIP A. HENDERSON**
999 Peachtree Street, N.E.
Suite 1130
Atlanta, Georgia 30309
Main: 229-436-1545

---

**From:** Jim Butler <jim@butlerprather.com>
**Sent:** Tuesday, August 15, 2023 3:07 PM
**To:** Michael R. Boorman <mboorman@watsonspence.com>; Philip A. Henderson <phenderson@watsonspence.com>
**Cc:** Michelle L. H. Miller <mmiller@watsonspence.com>; Ramsey Prather <ramsey@butlerprather.com>; Dan Philyaw <dan@butlerprather.com>; Sarah Daley <sdaley@butlerprather.com>; Beth Glen <beth@butlerprather.com>; Ginger Busby <ginger@butlerprather.com>
**Subject:** Griffin v. Toyota - protective order

Toyota counsel:

During the 8/7 R26 conference you indicated that you would get Toyota's proposed "protective order" to us "by the end of the week."  You also indicated same would include Toyota's proposal for an ESI protocol.   We can't do a redline of your proposed JPR or proposed SO without that document.

When may we expect to receive it?

Jim Butler