# EXHIBIT F

IN THE STATE COURT OF
DEKALB COUNTY, GEORGIA

| | |
|---|---|
| SAMUEL JENNESS and LEAH JENNESS, Individually and LEAH JENNESS, as the Administrator of the Estate of MILES JENNESS, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION; TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; and MICHELLE WIERSON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. CV-19A75448<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs filed the above-captioned action ("this action") against Toyota Motor Corporation ("TMC"), Toyota Motor North America, Inc. ("TMNA"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") (collectively, the "Toyota Defendants"), and

WHEREAS, the documents identified as "Confidential" or "Subject to Protective Order" are claimed by the Toyota Defendants to contain information that includes proprietary interests, trade secrets, or confidential commercial information, in addition to information that provides the Toyota Defendants a competitive advantage that will be irretrievably lost if the information is acquired by competitors of the Toyota Defendants in the automotive industry and marketing business; and

WHEREAS, the Toyota Defendants desire to preserve the confidentiality of such information and prevent the information from being acquired by their competitors,

IT IS HEREBY STIPULATED and requested that the Court enter the following Stipulated Protective Order for the "Confidential" documents only.

1

**IT IS HEREBY ORDERED THAT:**

1. The term "Confidential Information" as used in this Stipulated Protective Order shall refer to those documents designated as "Confidential" or "Subject to Protective Order" as described below, and to the substance of any information obtained from such documents that are claimed by the Toyota Defendants to contain proprietary interests, trade secrets, or confidential commercial information, in addition to information that provides the Toyota Defendants a competitive advantage that will be irretrievably lost if the information is acquired by competitors of the Toyota Defendants.

2. "Confidential Information" has been designated by:

    (a) Typing, stamping or imprinting upon the document the following words: "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER;" and

    (b) Applying such in a manner so as not to obscure any information contained therein.

3. All information and documents designated as "Confidential" shall be accorded confidential status until such time as determined otherwise pursuant to the following provisions of the Stipulated Protective Order.

4. Inadvertent or unintentional production of documents or information containing "Confidential Information" that should have been designated "Confidential" or "Subject to Protective Order" shall not be deemed a waiver in whole or in part of a party's claims of confidentiality and will continue to be deemed "Confidential Information" upon notice to all parties receiving such inadvertent or unintentional production.

5. Any notes, lists, memoranda, indices, compilations electronically stored information, reports, records and documents prepared or based on an examination of "Confidential Information" and any summaries of "Confidential Information," which quote from, identify or refer to the "Confidential Information" with such specificity that the "Confidential Information" can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying "Confidential Information" from which they are made, and shall be subject to all of the terms of the Stipulated Protective Order.

6. All "Confidential Information" shall be used only for this action, shall not be used for any business, commercial or competitive purposes, **may be disclosed only to the following individuals or entities, and shall not be revealed, discussed or disclosed in any manner or in any form to any person, entity or judicial tribunal other than**:

    (a) The Court and Court personnel including court reporters retained by the parties in this action;

    (b) Counsel named as representing the parties in this action;

    (c) An employee of counsel named as representing the parties to whom it is necessary that the material be shown for purposes of this action;

    (d) Officers, directors or employees of a party who have the need to know such information for purposes of this action; and,

    (e) Experts or professional advisors and persons regularly employed in their offices retained by a party to assist in the prosecution or defense of this action, but only to the extent necessary for such person to perform their assigned tasks in connection with this action.

    (f) Attorneys representing parties, and the experts and consultants retained by them, in other pending cases against the Toyota Defendant(s) involving allegations that a rear seat occupant was injured or killed in a 2009-2013 MY Toyota Corolla during a rear impact collision because the Corolla allegedly provided insufficient occupant protection for rear seat occupants.

7. "Confidential Information" shall not be shown or disclosed to persons described in paragraphs 6(b), 6(c), 6(d), 6(e) and 6(f) until such persons shall be shown this Stipulated Protective Order and signs and dates a written agreement to be bound by the terms of this Stipulated Protective Order, which agreement shall be identical to that set forth in Appendix "A" of this Stipulated Protective Order.

8. The original and copies of the signed Appendix "A" agreement(s) referenced in paragraph 7 above, shall be maintained in the possession, custody and control of counsel for each party receiving "Confidential Information." The Toyota Defendants may seek a Court Order requiring disclosure of such signed copies to them.

9. All persons who receive "Confidential Information" and/or material or information accorded the status of confidentiality in this action shall maintain the confidentiality of such material and information in accordance with the terms of this Stipulated Protective Order.

3

10. Copies of discovery responses and documents containing "Confidential Information" shall not be filed with the Court, except in accordance with Paragraph 11.

11. In the event that any document, deposition testimony, deposition exhibit, interrogatory, answer thereto, exhibit or attachment to an interrogatory or answer, request for production. response thereto, exhibit to a request for production or response, request for admission or response thereto, exhibit to a request for admission or response, motion, memorandum, affidavit, brief or any other submission by any party is filed with the Court which includes, incorporates or quotes "Confidential Information," such filings shall be submitted in sealed envelopes and other appropriate containers endorsed to the effect that they are subject to this Stipulated Protective Order by reason of containing "Confidential Information" and shall be maintained under seal and not disclosed, except to the Court, and except upon further Order of this Court.

12. To the extent that any "Confidential Information" is used in the taking of depositions, such "Confidential Information" shall remain subject to the provisions of this Stipulated Protective Order. At the time any "Confidential Information" is used in any deposition, counsel for the parties must inform the reporter of this Stipulated Protective Order. The reporter shall operate in a manner consistent with this Stipulated Protective Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing Confidential Information. **The Confidential Information shall be bound separately and Counsel for the Toyota Defendant producing the "Confidential Information" shall retain custody of that portion of the original transcript containing Confidential Information and/or "Confidential" documents. Those pages in any transcript referring to Confidential Information shall include a stamp identifying all such pages as "Confidential" and/or "Subject to Protective Order."**

13. The Toyota Defendants may designate depositions or other testimony concerning the documents and the information contained therein as "Confidential Information" by:

    (a) Stating orally on the record the day the testimony is given that the information is expected to be "Confidential;" or,

4

       (b)     Sending written notice designating those portions of the deposition or other testimony to be treated as "Confidential," within 30 days after the deposition.

The court reporter shall operate in a manner consistent with this Stipulated Protective Order if he or she receives any confidential designations from the Toyota Defendants as described in subparagraphs (a) or (b) above, and shall then prepare an original transcript segregating the confidential portions of the deposition, including documents and other exhibits containing "Confidential Information." **Counsel for the Toyota Defendant producing the "Confidential Information" shall retain custody of that portion of the original transcript containing Confidential Information."**

14.    Any party may apply to the Court for the imposition of further limitations upon the disclosure of specific information if such party deems further limitations are required. Any party may apply to the Court for relief from limitations if such party deems such relief is required.

15.    Nothing in this Stipulated Protective Order shall prevent any disclosure if the party designating the information as "Confidential" consents to such disclosure.

16.    The execution of this Stipulated Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

17.    Failure by a party to challenge the confidentiality of any document or information at the time of receipt thereof shall not preclude a subsequent challenge thereto. In the event a party to this action disagrees with the designation of any information as "Confidential," the parties shall attempt to dispose of such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the party contesting the confidentiality of the material may by motion with the "Confidential Information" submitted under seal setting forth with specificity the items challenged, seek an Order freeing the material in question from the designation as "Confidential Information." The party asserting that documents or other tangible litigation materials constitute "Confidential Information" shall bear the burden of proof that the criteria of this Stipulated Protective Order apply. Any information as to which such motion

is made shall remain "Confidential Information" under the provisions of this Stipulated Protective Order until further Order of the Court.

18. Nothing contained in this Stipulated Protective Order shall prevent a party to this action from using its own Confidential Information and material in any way that it sees fit, or from revealing its own Confidential Information and material to whomever it chooses, without prior consent of any person or of the Court. In addition, the terms of this Stipulated Protective Order do not preclude the Toyota Defendants from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration (NHTSA), either voluntarily or in connection with Toyota's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 49 U.S.C. § 30101, et seq.

19. After the conclusion of this litigation as to all parties, all "Confidential Information," all copies thereof, and all documents that contain or reflect "Confidential Information," including, but not limited to any notes prepared by the parties receiving the "Confidential Information" counsel for such parties, or such parties' experts, shall be returned to counsel for the producing Toyota Defendant and all electronic copies will be destroyed and deleted from any computers, hard drives, servers or cloud storage. The party given the "Confidential Information" will certify in writing that there is compliance with this paragraph. All "Confidential Information" shall remain subject to the terms of this Stipulated Protective Order, and the parties consent to the continuation of jurisdiction and venue of this Court to resolve any disputes arising from the treatment or disposition of "Confidential Information, after conclusion of this litigation.

20. This Stipulated Protective Order shall not be abrogated, modified, amended or enlarged except by agreement of the parties or by noticed motion, with notice given to each of the parties.

21. Nothing contained herein shall restrict the presentation of any evidence, including "Confidential Information," to a jury or the Court during a trial or other hearing of this action. However, such presentation shall not constitute a waiver of any restrictions provided for in this Stipulated Protective Order and the parties agree to take reasonable steps to maintain the

confidentiality of any "Confidential Information" at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct, and/or as the parties may otherwise agree. Before any such presentation of "Confidential Information," the Toyota Defendants shall be provided with appropriate notice so that the Toyota Defendants may have the opportunity to lodge appropriate objections or seek the Court's direction to prevent disclosure of the "Confidential Information."

SO ORDERED this the __13__ day of __July__, 2020.

_____
HONORABLE ALVIN T. WONG
STATE COURT OF DEKALB COUNTY

**CONSENTED AND AGREED TO BY:**

**ATTORNEYS FOR PLAINTIFFS:**

/s/ Christopher D. Glover
CHRISTOPHER D. GLOVER
GA Bar No. 417058 BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
4200 Northside Pkwy. NW Bldg. One, Suite 100 Atlanta, GA 30327
(404) 751-1162 telephone (855) 674-1818 facsimile chris.glover@beasleyallen.com

BRUCE A. HAGEN GA Bar No. 316678
HAGEN ROSSKOPF, L.L.C.
119 N. McDonough St.
Decatur, GA 30030
(404) 522-7553 telephone
(404) 522-7744 facsimile
bruce@hagen-law.com

**ATTORNEYS FOR TOYOTA DEFENDANTS:**

/s/ Anneke J. Shepard
Harold E. Franklin, Jr.
Anneke J. Shepard
KING & SPALDING LLP
1180 Peachtree St., N.E.
Atlanta, GA 30309
(404) 572-4600 telephone
hfranklin@kslaw.com
ashepard@kslaw.com

STATE COURT OF
DEKALB COUNTY, GA.
6/15/2020 7:03 PM
E-FILED
BY: Monique Roberts

STATE COURT OF
DEKALB COUNTY, GA.
7/14/2020 1:47 PM
E-FILED
BY: Patricia Harris

IN THE STATE COURT OF
DEKALB COUNTY, GEORGIA

| | | |
|---|---|---|
| SAMUEL JENNESS and LEAH JENNESS, Individually and LEAH JENNESS, as the Administrator of the Estate of MILES JENNESS, Deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION; TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; and MICHELLE WIERSON,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. CV-19A75448 |

## APPENDIX A TO STIPULATED PROTECTIVE ORDER

I, _____, certify that I have read the Stipulated Protective Order dated _____, entered in the above-captioned action and further certify that I fully understand the procedural and substantive requirements of that Stipulated Protective Order, a copy of which is attached hereto. Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of that Stipulated Protective Order and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Stipulated Protective Order. I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Stipulated Protective Order.

_____
SIGNED NAME

_____
PRINTED NAME

Sworn to and subscribed before me this _____ day of _____, 2020.

_____
NOTARY PUBLIC

8