# EXHIBIT H

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | * | |
| Individually and as Surviving Spouse and | * | |
| Executor of the Estate of | * | |
| LEE DIXON GRIFFIN, JR., | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | |
| vs. | * | NO. 1:23-CV-03107-TWT |
| | * | |
| TOYOTA MOTOR CORPORATION; | * | |
| TOYOTA MOTOR NORTH AMERICA, | * | |
| INC.; TOYOTA MOTOR SALES U.S.A., | * | |
| INC.; TOYOTA MOTOR ENGINEERING | * | |
| & MANUFACTURING NORTH | * | |
| AMERICA, INC.; TOYOTA MOTOR | * | |
| MANUFACTURING, TEXAS, INC.; and | * | |
| JIM ELLIS AUTOMOTIVE HOLDINGS, | * | |
| INC., | * | |
| | * | |
| Defendants. | * | |

## STIPULATED CONFIDENTIALITY ORDER

It is hereby stipulated and agreed by and between the respective parties hereto and their

counsel and ordered by the Court, that

1. This Stipulated Confidentiality Order ("Order") governs the production and handling

of documents, testimony, interrogatory responses and other information (collectively "discovery

materials") produced by the parties in connection with this lawsuit.

2. A party producing discovery materials in response to a discovery request (hereinafter

the "Producing Party"), may designate as "Confidential" any discovery materials which it in

good faith believes to contain commercially sensitive or proprietary information. The Producing

Party shall mark, label, or stamp the document as "CONFIDENTIAL" on the face of the

document. The "Confidential" stamp will not obliterate or obfuscate any information on the

document.

       3. Notwithstanding the designation of discovery materials as "Confidential," the

restrictions of this Confidentiality Order shall not apply to discovery materials that are:

       (a) Otherwise publicly available; or

       (b) Provided to one or more of the parties from a source other than the Producing Party,

       provided that such source did not:

              (i) Receive the discovery materials in question or the information contained

              therein under any confidentiality or other restriction; or

              (ii) Fail to provide the discovery material in question or the information contained

              therein under such applicable confidentiality restrictions.

       4. In the event that a party to this agreement objects to or disagrees with the Producing

Party's designation of any item as confidential and subject to this Confidentiality Order, that

party shall send a written notice to counsel for the Producing Party specifying the item(s) in

question. Should the parties fail to reach agreement, the Producing Party must, within thirty (30)

days of receiving a written notice specifying the documents or information in question, file a

Motion to Preserve Confidential Status. Any item in dispute shall continue to be treated as

confidential and subject to this Order until such time as the Court rules that it is not. Should the

designating party fail to file, within thirty (30) days of receiving such written notice, a motion

with the Court to preserve the confidential status of such document or information, the document

or information shall be deemed not confidential. It will be the burden of the Producing Party to prove that such items are entitled to confidentiality and/or protection.

5. Designation of a portion of a deposition transcript (including exhibits) as confidential shall be made by a statement to such effect on the record in the course of the deposition or, within thirty (30) days after receipt of the deposition transcript, counsel for the Producing Party shall identify by page and line number the specific portion of the transcript or material that the Producing party intends to designate as confidential or subject to this Confidentiality Order in a written letter served to all counsel of record. During those thirty days, the entire deposition transcript, including exhibits, shall be deemed confidential. However, all deposition transcripts or portions thereof designated as confidential or subject to this Confidentiality Order shall be subject to the challenge provisions set forth above in Section 4 of this Confidentiality Order.

6. Designation of discovery materials produced in a non-paper media or electronic form (e.g. video or audio recordings, computer disks, computer hard drives, thumb drives, etc.) may be made by any means practicable, including producing the materials in an envelope or container marked "CONFIDENTIAL," or by making the Confidential designation in the text of a transmittal email or message accompanying a drop box containing such materials.

7. Access to all materials designated Confidential and produced for inspection or received in this lawsuit shall be limited to counsel of record for the named parties, in-house counsel and the firms of counsel of record, including any employees of in-house counsel and/or firms of counsel of record, except as stated below.

8. Discovery materials designated as Confidential also may be disclosed to:

(a) The parties to this action, including such employees, agents and/or representatives of the parties as are necessary for the prosecution or defense of this litigation;

(b) Any expert (including both consulting and/or testifying experts);

(c) Any person testifying at a deposition or at any hearing in this litigation, provided that questioning that person about confidential materials is within the scope of F.R.C.P. 26(b)(1);

(d) Other persons who may be designated by written consent of the Producing Party or pursuant to a court order;

(e)  Plaintiffs attorneys and expert witnesses involved in similar litigation against Toyota Motor Corporation, including any of its subsidiaries, operating divisions, partners, and affiliates, both foreign and domestic, or any of their agents, servants, and/or employees. This includes litigation involving Toyota Motor North America, Inc., Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering & Manufacturing, Inc., and Toyota Motor Manufacturing Texas, Inc. For the purposes of this order, similar litigation means allegations of carbon monoxide poisoning or asphyxiation from Toyota, Lexus, Scion, or other Toyota vehicles with keyless ignition systems resulting in injury or death.

(f) Any disclosure to any such persons as set forth in paragraphs (a)–(e) above shall be made only upon the following terms and conditions:

    (i) Such persons must agree to abide by the terms of this Confidentiality Order as evidenced by his or her signature on the form annexed hereto as Exhibit A ("Agreement Concerning Material Covered by the Confidentiality Order"). Counsel shall maintain each executed Agreement Concerning Material Covered

by the Confidentiality Order. Should anyone decline to execute the

Confidentiality Agreement, the parties will work together to find an alternative

means of protecting confidential information, such as redaction.

9. All discovery materials designated as Confidential shall be used by the party receiving

such discovery material (hereinafter the "Receiving Party") solely for the purposes of conducting

this litigation or similar litigation as defined in paragraph 8(e). The material designated

Confidential may be used by either party for any appropriate purpose at trial or other hearing,

subject to evidentiary objections, if any, and for any legitimate purpose during discovery. The

Receiving Party and all persons acting by, through, or on behalf of the Receiving Party of

material designated Confidential pursuant to the terms of this Confidentiality Order are

prohibited from using such designated materials for any purpose other than for purposes of this

litigation or similar litigation as defined in paragraph 8(e).

10. The inadvertent failure of a Producing Party to designate discovery materials as

Confidential shall not be deemed to be a waiver of the party's right to designate such discovery

materials and correct any inadvertent failure to designate any material as Confidential.

11. The production of such documents, depositions, or information shall not constitute a

waiver of any privilege or other claim or right of withholding or Confidentiality that it may have.

12. Entering into, agreeing to and/or producing materials or otherwise complying with the

terms of this Order shall not:

(a) Prejudice in any way the rights of the Producing Party to object to the production of

documents it considers not subject to discovery; or

(b) Prejudice in any way the rights of a party to seek a determination of whether particular discovery materials should be produced.

13. No part of the restrictions imposed by this Confidentiality Order may be terminated, except by written agreement executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The termination of this litigation shall not automatically terminate this Confidentiality Order.

14. The parties agree that this Confidentiality Order may be executed in a number of counterparts, each of which shall be considered an original instrument, but all of which together shall be considered one and the same instrument.

It is **SO ORDERED**, this the _____ day of _____, 2023.

_____
Thomas W. Thrash, Jr.
U.S. District Judge

## EXHIBIT A

**Agreement Concerning
Material Covered by the Confidentiality Order**

I, _____(Name), hereby agree to be bound by the

Confidentiality Order in this case, a copy of which has been provided to me.

Signature:_____

Printed name:_____