## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, | * | |
| Individually and as Surviving Spouse and | * | |
| Executor of the Estate of | * | |
| LEE DIXON GRIFFIN, JR., | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | |
| vs. | * | NO. 1:23-CV-03107-TWT |
| | * | |
| TOYOTA MOTOR CORPORATION; | * | |
| TOYOTA MOTOR NORTH AMERICA, | * | |
| INC.; TOYOTA MOTOR SALES U.S.A., | * | |
| INC.; TOYOTA MOTOR ENGINEERING | * | |
| & MANUFACTURING NORTH | * | |
| AMERICA, INC.; TOYOTA MOTOR | * | |
| MANUFACTURING, TEXAS, INC.; and | * | |
| JIM ELLIS AUTOMOTIVE HOLDINGS, | * | |
| INC., | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFF CAROLINE GRIFFIN'S OPPOSITION TO TOYOTA'S MOTION FOR CONFIDENTIALITY ORDER [ECF 53]

Plaintiff Caroline Griffin requests that the Court deny Toyota's motion for a confidentiality order because it imposes unreasonable burdens on the Court, the Plaintiff, and the Public.[1]  Plaintiff, however, is not opposed to the Court entering a

---

[1] Plaintiff refers to the various Toyota entities in this case as "Toyota" herein.

reasonable confidentiality order.  On August 7, 2023, Plaintiff proposed such an order to Toyota.[2]  Plaintiff's proposed confidentiality order is attached to this response brief as Exhibit A.  Toyota rejected Plaintiff's proposal and filed this motion demanding that the Court enter Toyota's onerous, one-sided confidentiality order instead.

There are many problems with Toyota's proposed confidentiality order. Here are a few of the most glaring:

*First,* Toyota's proposed confidentiality order requires Plaintiff's counsel and their experts send, at the conclusion of the case, all of their "notes" "contain[ing] *or reflect[ing]*" information Toyota has identified as "confidential" "to counsel for the producing defendants," i.e., Toyota.  ECF 53-1 at 11 (emphasis added).  That amounts to an unheard-of court-ordered invasion of Plaintiff's counsel's work product and the attorney-client privilege.

*Second,* Toyota's proposed confidentiality order requires Plaintiff's counsel, the Court, and the Clerk's Office to utilize an antiquated and cumbersome

---

[2] Plaintiff should explain that she proposed a confidentiality order mainly because automaker defendants like Toyota often use supposed "negotiations" over the terms of such an order to delay discovery.  That is occurring in this case as we speak. Toyota has refused to produce thousands of pages of documents on the basis that no confidentiality order is in place.

procedure of making hard copy filings in "sealed envelopes and other appropriate containers" anytime Plaintiff's counsel intend to file a paper referencing information Toyota claims is "confidential."  ECF 53-1 at 6.  Toyota's intent behind this proposed requirement seems clear: Toyota wants to make this case time-consuming and hard for all involved so that the Court and the Clerk's Office view this case as a burden.

*Third,* Paragraph 18 of Toyota's proposed confidentiality order allows Toyota to use "its own Confidential Information and material in any way that it sees fit" and to "reveal[] its own Confidential Information and material to whomever it chooses."  ECF 53-1 at 11.  Toyota wants to subject Plaintiff's counsel to a *court order* requiring them to treat information as confidential even though Toyota itself does not treat that information as confidential.  That makes no sense.  Toyota cannot claim that information is "confidential" for purposes of this case if that information has been or will be shared with persons who are under no obligation to maintain the confidentiality of that information, or if Toyota does not genuinely consider that information to be confidential.[3]

---

[3] The protection Toyota proposes in its confidentiality order is broader than the attorney-client privilege, which is waived if purportedly privileged communication is shared with a third party.

3

*Fourth,* should Plaintiff try to fight Toyota's designations of confidentiality, Toyota's proposed confidentiality order places the burden and the work of doing so squarely on Plaintiff.  Toyota's proposed confidentiality order requires Plaintiff's counsel to spend *their* time and resources drafting and filing motions challenging Toyota's improper confidentiality designations, even though in the Eleventh Circuit, the party asserting confidentiality (i.e., Toyota) bears "the burden of proof justifying the need for the protective order." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).[4]  That will incentivize Toyota to over-designate information as confidential, forcing Plaintiff's counsel to devote their limited time and resources to policing Toyota's abuse of the confidentiality order and drafting motions about the confidentiality of Toyota's documents.  If a motion regarding the purportedly confidential status of any document needs to be filed, Toyota and its lawyers should have to prepare and file it, consistent with Eleventh Circuit precedent.  After all, they are the ones who want a confidentiality order.

*Fifth,* Toyota's proposed confidentiality order allows Toyota to monitor the people to whom Plaintiff's counsel provide so-called "confidential" documents under the "sharing" provisions of the proposed order.  Section 7 requires any

---

[4] As discussed below, the only "burden" Plaintiff potentially bears is the burden of notifying Toyota that Plaintiff disagrees with confidentiality designations.

person Plaintiff's counsel share "confidential" documents with to sign "a written agreement to be bound by the terms of" the order; Section 8 then gives Toyota the unfettered power to "seek a Court Order requiring disclosure of such signed copies" of those written agreements to Toyota.  ECF 53-1 at 7.  Toyota wants that provision so that it will know which other plaintiff's lawyers have the documents Toyota produced to Plaintiff's counsel in this case.  That information will inform Toyota about what documents it might safely be able to withhold in other and future cases.

One significant impediment to a corporate defendant withholding evidence in a case is not knowing what evidence the plaintiff in that case already has.  If a plaintiff's lawyer already has access to evidence from a corporate defendant from another matter, the fact of that defendant's withholding might then be provable, and possibly result in sanctions.  Toyota should honestly and fulsomely respond to the discovery requests in every case, and Toyota has no real need or entitlement to know what documents plaintiffs in other cases may already have.

*Sixth,* Toyota's proposed confidentiality order would result in large parts of the docket, hearings, and trial in this case being sealed from the view of anyone but the Court and the parties, in violation of the public's Constitutional right to know what is transpiring in their courts.  Toyota's proposed order requires that, any time

Plaintiff makes use of discovery Toyota marks "confidential" (which is likely to be the majority of the discovery Toyota produces), the filing has to be submitted to the Court under seal.  ECF 53-1 at 6–7.  Paragraph 21 of Toyota's proposed order states that any confidential material used at trial or a hearing in this action remains "confidential," despite being disclosed and referenced in open court.[5]

There is no question that entry of Toyota's proposed confidentiality order will give rise to abuse by Toyota.  That abuse has already begun.

Based on the so-broad-it-borders-on-meaningless provision of Toyota's proposed confidentiality order allowing Toyota to designate as "confidential" "any information . . . *claimed* by the Toyota defendants to contain proprietary interests, trade secrets, or confidential commercial information," Toyota has already designated *22* deposition transcripts and their accompanying exhibits as confidential, in their entirety.  ECF 53-1 at 3 (emphasis added).[6]   That is improper.

---

[5] Toyota's proposed confidentiality order contains other absurdities (for example, a requirement that employees of Plaintiff's counsel agree in writing to be bound by the order), but Plaintiff will not belabor the point.

[6] Emphasis is added to Toyota's calculated use of the word "*claimed*."  Toyota's proposed confidentiality order does not even require that the information Toyota identifies as "confidential" actually be "proprietary," "trade secrets," or "confidential commercial information."  Toyota merely has to "claim" without support that the information it identifies as "confidential" is one of those things.

*See, e.g., Acrylicon USA, LLC v. SiliKal GMBH*, No. 14-1072, ECF 211 at 3 (N.D. Ga. Feb. 12, 2016) (Thrash, J.) (explaining that "designation of entire deposition transcripts" is a clear example of a defendant "abus[ing] its right to designate material as confidential under [a] Protective Order."), Ex. B.[7]  Plaintiff's counsel estimates that Toyota has designated as confidential more than 50 percent of the documents Toyota has so far stated it intends to produce.[8]

Plaintiff's proposed confidentiality order is not plagued with these problems, but instead seeks to fairly strike a balance between litigation efficiency and the public's right to access judicial records.  Plaintiff asks the Court to enter her proposed order.

## <u>BACKGROUND</u>

This is a product liability case involving an easy-to-understand defect.  The Griffins' 2017 Toyota Tacoma had a keyless ignition system with no automatic engine shutoff.  As a result, when the Griffins' Tacoma did not shut off in their

---

[7] Despite citing to at least one of those deposition transcripts in its interrogatory responses, Toyota has refused to provide the transcripts to Plaintiff's counsel before the Court enters a confidentiality order.

[8] This is a rough estimate based on a review of the gaps in the Bates ranges Toyota has produced to date.  Toyota has refused to produce the documents it deems confidential until a confidentiality order is entered.

first-floor (basement) garage after the key fob was removed from the truck and Lee Griffin left the truck, the Tacoma's engine continued to run.  The truck spewed deadly carbon monoxide gas into the Griffins' home as they slept in their third-floor bedroom.  This killed Lee Griffin, and caused him to suffer a painful death.  It also injured his wife, Plaintiff Caroline Griffin.

As Toyota has admitted in other product liability lawsuits involving this same defect, Toyota knew how to install an automatic engine shutoff in its cars and trucks long before Mr. Griffin was killed and Plaintiff was injured.  Toyota was able to do so.  Toyota's competitors had included such shutoffs for years, and Toyota itself later included this safety feature in its cars and trucks.  To state the obvious, a $40 Mr. Coffee machine has had an automatic shutoff since at least the early '90s, and the danger of a coffee hotplate is far less than the danger of a running car engine spewing carbon monoxide for hours.  There is no real excuse for Toyota not having an automatic shutoff on the subject 2017 Toyota Tacoma, which sold for $39,700.

In 2019, Toyota abandoned its no-auto-shutoff design when it finally began installing auto shutoff in its cars and trucks.  That was three years before Lee Griffin's death in 2022.  Toyota, however, did nothing to fix this defect in Toyota

cars and trucks already on the road.  Nor did Toyota warn anyone who could

potentially be injured or killed by this defect.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(c) authorizes the Court to issue a

confidentiality order "requiring that a trade secret or other confidential research,

development, or commercial information not be revealed or be revealed only in a

specific way" only upon a showing of "good cause" by the party seeking to shield

documents from public view.

Toyota cannot show there is "good cause" for the Court to enter Toyota's

proposed confidentiality order.  Toyota's stated reasons why the Court should enter

Toyota's proposed confidentiality order do not withstand scrutiny.

**I.    Toyota offers no justification for its proposed confidentiality order beyond irrelevant references to other lawyers and conclusory statements about "confidentiality."**

Toyota contends the Court should enter Toyota's proposed confidentiality

order despite the unreasonable burdens it imposes on the Court, the Public, and

Plaintiff because other plaintiff's lawyers in other cases have purportedly agreed to

similar confidentiality orders.  Here's the truth about that.

Many plaintiff's lawyers agree to a corporate defendant's proposed

confidential order as a path of least resistance.  It takes time, effort, and resources

to oppose a large corporate defendant's claimed entitlement to an unreasonable confidentiality order. Every bit of time and every resource a plaintiff's lawyer devotes to that endeavor amounts to time and resources not devoted to another endeavor. Large corporate defendants like Toyota and the lawyers that represent them understand this fact of life, and they use it to their advantage by conditioning production of documents and information on the plaintiff's lawyer's agreement to an onerous confidentiality order. This often works.

Although it might be expeditious for undersigned Plaintiff's counsel to take that well-worn path of least resistance, as Officers of the Court we have an obligation to ensure that information that is not entitled to be held from public view is not so withheld. That some other plaintiff's lawyers in other cases have decided not to expend time, effort, and resources on this fight does not mean that Plaintiff Caroline Griffin is, in this case, bound by the decisions of those other lawyers.[9]

---

[9] Toyota contends its proposed confidentiality order is "similar to the one agreed to by *this same Plaintiffs' counsel here* when they represented the plaintiffs in Hill v. Ford." ECF 53 at 4 (emphasis added). Toyota's lawyers (most of whom represent Ford in the *Hill* case) know that statement is not true. As is evident from the confidentiality order in *Hill v. Ford*, which Toyota attached to its motion, the lawyer that signed that confidentiality order on behalf of the plaintiffs in *Hill v. Ford* is no longer with Plaintiff's counsel's firm.

Toyota also makes the generalized contention that "dissemination of information beyond those permitted by Toyota's Protective Order would likely cause untold financial harm to Toyota." ECF 53 at 7. Toyota offers no evidence (no affidavit, and certainly no example of a "confidential" document) to support that hyperbolic statement. That omission is not surprising, since Toyota abandoned the defect in this case in 2019 when it began installing the auto-shutoff feature in its cars and trucks.[10]

In any event, Toyota's generalized contentions that the information it intends to designate as confidential cannot carry Toyota's burden of proving that huge amounts of discoverable material ought to be treated as confidential and subjected to the onerous terms of Toyota's proposed confidentiality order. *See, e.g., Schilli Transportation Servs., Inc. v. PJ Enterprise LLC*, No. 5:18-cv-00197-TES, 2020 WL 2099562, at *1 (M.D. Ga. May 1, 2020) (Self, J.) (the burden to show good cause for confidentiality requires a specific showing of prejudice or harm, not "stereotyped and conclusory statements"); *McArdle v. City of Ocala, FL*, 463 F. Supp. 3d 1288, 1289 (M.D. Fla. 2020) (citation omitted) ("generalized concerns,

---

[10] Toyota did nothing to remedy this defect in cars and trucks already on the road. Toyota also did not warn anyone who could potentially be injured or killed by this defect.

conclusory statements, or unsupported contentions are insufficient reasons for entry of a protective order.").

## II.  Toyota's proposed method of challenging confidentiality runs counter to Eleventh Circuit law.

Toyota also contends Plaintiff's proposed confidentiality order is "inconsistent with caselaw in this Circuit." ECF 53 at 6. Actually, it is *Toyota's* proposed order that conflicts with Eleventh Circuit law.

In contending that *Plaintiff* should bear the burden of filing a motion with the Court to challenge Toyota's improper confidentiality designations as opposed to Toyota bearing the burden to file a motion to preserve confidentiality if Plaintiff challenges a confidentiality designation, Toyota does not discuss the controlling Eleventh Circuit case *In re Alexander Grant & Co. Litig.*, 820 F.2d 352 (11th Cir. 1987). Toyota hides a citation to that decision in a footnote, without so much as a parenthetical to explain its holding. *See* ECF 53 at 13 n. 4. Had Toyota divulged *In re Alexander*'s holding, Toyota would have to admit that in the Eleventh Circuit, the burden of proof justifying confidentiality remains with the party seeking it, and the party opposing confidential treatment of specific documents merely has the "burden" of notifying the party claiming confidentiality of that objection. *See id.* at 356. The party requesting confidentiality must file a motion with the Court, not the challenging party. Countless district courts have followed *In re Alexander* and

held the same.  *See, e.g., In re Seroquel Prod. Liab. Litig.*, No. 606MD-1769-ORL-22DAB, 2008 WL 508393, at *2 (M.D. Fla. Feb. 21, 2008) ("If the Parties are unable to amicably resolve the dispute, the proponent of confidentiality may request by motion a ruling that Discovery Materials designated as confidential are entitled to such status[.]"); *Frost v. N. Am. Capacity Ins. Co.*, No. 3:17-CV-344-WKW-SRW, 2019 WL 10734512, at *1–2 (M.D. Ala. Jan. 25, 2019) (denying a motion for protective order and requiring one consistent with *In re Alexander Grant & Co. Litig.*).

In re Alexander shows how that burden actually operates in practice.  Before that case reached the Eleventh Circuit, the District Court quoted the specific language of the parties' protective order that outlined the procedure to challenge confidentiality:

> If any party objects to the designation of any discovery material as "Confidential," **the objecting party shall so notify the producing party in writing** . . . **To preserve its "Confidential" designation, the producing party, within ten (10) days after receipt of any such notice, must apply to the Court for a ruling that the discovery material objected to shall be treated as designated**, and notice of such application shall be provided to all other parties. **If no such application is made, the discovery material will cease to be treated as designated.**

*In re Alexander Grant & Co. Litig.*, 629 F. Supp. 593, 597 (S.D. Fla. 1986), *aff'd*, 820 F.2d 352 (11th Cir. 1987) (emphasis added).  In affirming the District Court's order, the Eleventh Circuit necessarily approved this procedure.

Plaintiff proposes the same procedure that the Eleventh Circuit has already endorsed.  Here is what Plaintiff proposed to Toyota:

> In the event that a party to this agreement objects to or disagrees with the Producing Party's designation of any item as confidential and subject to this Confidentiality Order, **that party shall send a written notice to counsel for the Producing Party specifying the item(s) in question. Should the parties fail to reach agreement, the Producing Party must, within thirty (30) days of receiving a written notice specifying the documents or information in question, file a Motion to Preserve Confidential Status.** Any item in dispute shall continue to be treated as confidential and subject to this Order until such time as the Court rules that it is not. . . . It will be the burden of the Producing Party to prove that such items are entitled to confidentiality and/or protection.

ECF 53-8 at 4 (emphasis added).  What Plaintiff is proposing is exactly what the Eleventh Circuit affirmed in *In re Alexander*.  That Toyota's lawyers have been able to convince plaintiffs in other cases to agree to confidentiality orders that put

the burden of filing a motion challenging improper confidentiality designations on the plaintiff is irrelevant.[11]

### III. Toyota's proposed confidentiality order would seal most of the record.

Finally, Toyota wants the documents it marks "confidential" to remain confidential regardless of whether the parties use those documents in motions, at hearings, or at trial in this case, as they inevitably will.  That is not allowed.

"Litigants may not override the presumption of public access by simply referencing a protective order."  *In re: Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2016 WL 7026339, at *3 (N.D. Ala. Oct. 18, 2016) (Proctor, J.).  "Rather, district courts must scrutinize sealing requests; otherwise, parties could effectively circumvent the public's right of access to judicial documents through the expedient of labeling everything confidential."  *Id.* (citing *Allstate Ins. Co. v. Regions Bank*, No. CIV.A. 14-0067-WS-C, 2015 WL 4073184, *2 n.3 (S.D. Ala. 2015) (Steele, J.)); *see also Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir.

---

[11] Curiously, despite referencing the confidentiality order in *Brogdon v. Ford*, No. 23-88, ECF 25 (M.D. Ga.) in their motion in this case, Toyota's lawyers (who also represent Ford in the *Brogdon* case) do not tell the Court that, *at their request*, Judge Land's confidentiality order requires Ford to move the Court to maintain the purported confidentiality of a document in the event the Plaintiffs in that case send Ford a letter challenging a confidentiality designation.

2011) ("[P]arties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court.  Rather, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.").  "Thus, even if the parties agree pursuant to a protective order that material exchanged during discovery is confidential, the court nevertheless must closely scrutinize the materials filed in the case 'to determine whether the public right of access has been overcome'" "'to protect the legitimate public interest in filed materials from . . . protective orders agreed to by the parties for their self-interests.'"  *Pro., Inc. v. Progressive Cas. Ins. Co.*, No. 3:17-CV-185, 2020 WL 502626, at *3 (W.D. Pa. Jan. 31, 2020).  Toyota's proposed confidentiality order subverts the presumption that what happens in a Federal Court should be available to the public.

Even if designated as confidential under a confidentiality order, discovery materials lose that status if introduced at trial, absent a showing of the "most compelling" reasons.  *See, e.g., Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532–33 (1st Cir. 1993); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987).  The same is true for motions filed with the Court.  "A motion that is presented to the court to invoke its powers or affect its decisions, *whether or not*

*characterized as dispositive*, is subject to the public right of access." *In re*

*Androgel Antitrust Litig. (No. II)*, No. 1:09-MD-2084-TWT, 2012 WL 13075580,

at *1 (N.D. Ga. Mar. 9, 2012) (Thrash, J.) (emphasis added); *see also Lewis v. Auto*

*Owners Ins. Co.*, No. 5:17-CV-491 (MTT), 2018 WL 3913797, at *5 (M.D. Ga.

Aug. 16, 2018) (Treadwell, J.) (adding language to the parties' stipulated

confidentiality order to make clear that the order "shall not apply to exclude

evidence from public disclosure when that evidence is relied upon in support of or

opposition to any motion or relevant in any hearing or trial" and that the Court

would "closely scrutinize any [] requests [to seal]" following the opposing party's

challenge to the confidentiality designation).

## <u>CONCLUSION</u>

Plaintiff requests that the Court deny Toyota's motion for a confidentiality

order.  Plaintiff further requests that the Court enter Plaintiff's proposed

confidentiality order, attached hereto as Exhibit A.

Respectfully submitted, this 17th day of November, 2023.

BUTLER PRATHER LLP

*/s/ Ramsey B. Prather*
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
RAMSEY B. PRATHER
Georgia Bar. No. 658395
ramsey@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 877765
dan@butlerprather.com
ALLISON B. BAILEY
Georgia Bar No. 478434
allison@butlerprather.com
P.O. Box 2766
Columbus, GA 31902
Phone: 706-322-1990
Fax: 706-323-2962

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the

foregoing filing complies with the applicable font and size requirements and is

formatted in Times New Roman, 14 point font.

BY:  */s/ Ramsey B. Prather*
RAMSEY B. PRATHER
Georgia Bar No. 658395
ramsey@butlerprather.com
105 13th Street
Columbus, GA 31901
Phone: (706) 322-1990
Fax: (706) 323-2962

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system which will automatically send email notification

of such filing to the following attorneys of record:

| | |
|---|---|
| Michael R. Boorman<br>Georgia Bar No. 067798<br>mboorman@watsonspence.com<br>Philip A. Henderson<br>Georgia Bar No. 604769<br>phenderson@watsonspence.com<br>WATSON SPENCE LLP<br>999 Peachtree Street NE<br>Suite 1130<br>Atlanta, GA 30309<br>229-436-1545<br><br>Bard D. Borkon<br>Bard.borkon@bowmanandbrooke.com<br>Jessica Garrity<br>Jessica.Garrity@bownmanandbrooke.com<br>BOWMAN AND BROOKE, LLP<br>150 South Fifth Street<br>Suite 3000<br>Minneapolis, MN 55402<br>612-339-8682<br><br>*Attorneys for the Toyota Defendants* | Wayne S. Melnick<br>Georgia Bar No. 501267<br>wmelnick@fmglaw.com<br>E. Andrew Treese<br>Georgia Bar No. 556850<br>atreese@fmglaw.com<br>Geoffrey F. Calderaro<br>Georgia Bar No. 991159<br>geoffrey.calderaro@fmglaw.com<br>FREEMAN MATHIS & GARY,<br>LLP<br>100 Galleria Parkway, Suite 1600<br>Atlanta, Georgia 30339<br>770-818-0000<br><br>*Attorneys for Jim Ellis Automotive*<br>*Holdings, Inc.* |

This 17th day of November, 2023.

[Signature on following page]

BUTLER PRATHER LLP

*/s/ Ramsey B. Prather*
RAMSEY B. PRATHER
Georgia Bar No. 658395
ramsey@butlerprather.com
Post Office Box 2766
Columbus, GA 31902
(706) 322-1990
(706) 323-2962 (fax)
***Attorney for Plaintiff***