# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CAROLINE PATTON GRIFFIN, Individually and as Surviving Spouse and Executor of the Estate of LEE DIXON GRIFFIN, JR., | * * * * * | |
| Plaintiff, | * * | CIVIL ACTION FILE |
| vs. | * * | NO. 1:23-CV-03107-TWT |
| TOYOTA MOTOR CORPORATION; TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR SALES U.S.A., INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR MANUFACTURING, TEXAS, INC.; and JIM ELLIS AUTOMOTIVE HOLDINGS, INC., | * * * * * * * * * * | |
| Defendants. | * | |

### PLAINTIFF'S RESPONSE TO DEFENDANT TOYOTA'S TRIAL BRIEF ON TRIFURCATION (Doc. 179-10)

Toyota's contention that state law requires the Court to "trifurcate" the trial in this case has been universally rejected by every Federal Court of Appeals that has considered the issue. That is at least six Circuits. *Incredibly, Toyota has concealed from this Court every bit of this great weight of authority.*

The Second Circuit has rejected Toyota's contention.  *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990); *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988).

The Fourth Circuit has rejected Toyota's contention, as recently as July 29, 2025, and before then as well.  *Plyler v. Cox*, No. 24-1445, 2025 WL 2112923, at *8 (4th Cir. July 29, 2025); *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 974 (4th Cir. 2020).

The Fifth Circuit has rejected Toyota's contention.  *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018); *Rosales v. Honda Motor Co.*, 726 F.2d 259, 260 (5th Cir. 1984).

The Sixth Circuit has rejected Toyota's contention.  *Moss v. Associated Transp., Inc.*, 344 F.2d 23, 27 (6th Cir. 1965).

The Seventh Circuit has rejected Toyota's contention.  *Sellers v. Baisier*, 792 F.2d 690, 694 (7th Cir. 1986).

The Tenth Circuit has rejected Toyota's contention.  *Shugart v. Cent. Rural Elec. Co-op*, 110 F.3d 1501, 1504 (10th Cir. 1997).

The holding in all of these cases is essentially the same—any "-furcation" of a trial is a *procedural* matter governed by Federal Rule of Civil Procedure 42(b)

and the district court's discretion, not state law.[1]  Plaintiff's counsel have conducted substantial legal research and have not found a single federal court of appeals decision holding otherwise.  Toyota cites none.

Instead, the decisions uniformly hold that notwithstanding any state law that would require some type of "-furcation" of liability and damages during trial if the case were tried in state court *or* preclude any such any such "-furcation" if the case were tried in state court, in a diversity case tried in federal court the decision whether to order separate phases of a trial is "a case-specific procedural matter within the sole discretion of the trial court."  *Nester*, 888 F.3d at 163 (citation omitted).  "Federal courts sitting in diversity 'are to apply state substantive law and federal procedural law.'"  *McKiver*, 980 F.3d at 974–75 (quoting *Hanna v. Plumer*,

---

[1] District court orders so holding are legion.  *See, e.g.*, *Mascarenas v. Cooper Tire & Rubber Co.*, No. CV208-09, 2009 WL 10678627, at *1 (S.D. Ga. July 24, 2009) ("The Court's decision regarding whether to bifurcate the trial is controlled Federal Rule of Civil Procedure 42, not state law."); *Ramos v. Hartford Accident & Indem. Co.*, No. 3:23-CV-235-DPJ-ASH, 2024 WL 4143330, at *2 (S.D. Miss. Aug. 5, 2024); *King v. City of Columbus, Ohio*, No. 2:18-CV-1060, 2023 WL 179554, at *2 (S.D. Ohio Jan. 13, 2023); *Leonor Perez & Felipe Varela, Jr. v. Roman*, No. 1:21-CV-187, 2022 WL 20717362, at *1 (S.D. Tex. June 8, 2022); *Voeltz v. Bridge Charleston Investments E, LLC*, 2019 WL 1572979, *1-2 (D.S.C. April 11, 2019); *Patel Family Trust v. AMCO Ins. Co.*, 2012 WL 2883726, *2 (S.D. Ohio July 13, 2012); *Hamm v. Am. Home Prods. Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995).

3

380 U.S. 460, 465 (1965). "A district court is simply not bound by state law when deciding whether to bifurcate." *Nester*, 888 F.3d at 163.

As all these opinions explain, a district court is instead bound by Federal Rule of Civil Procedure 42(b). That rule states: "For convenience, to avoid prejudice, or to expedite or economize, the court may order a separate trial of one or more separate issues, claims crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

Toyota did not tell the Court about any of the vast federal authority rejecting Toyota's contention that the Court is required to trifurcate the trial based on Georgia law. Instead, Toyota told the Court the law is the exact opposite of what the law actually is.

Toyota relies on an order from former Judge Duffey called *Gaddy v. American Interstate Insurance Company*, No. 14-1928, 2018 WL 1478134 (N.D. Ga. March 27, 2018) to contend, in Toyota's words, that "Georgia's punitive damages statute (O.C.G.A. § 51-12-5.1) and the requirement to hold a separate trial as to the amount of punitive damages is state substantive law that must be followed by the Court." Toyota Tr. Brief, Doc. 179-10 at 3. From that made-up premise,

4

Toyota argues that Georgia's trifurcation statute (O.C.G.A. § 51-12-15) is also "substantive" law.  *Gaddy* does not remotely contain such a holding.  The word "substantive" does not appear in the order.

Here is what Toyota did *not* tell the Court about the *Gaddy* order:

(1) In analyzing the defendant's request to trifurcate the trial, Judge Duffey applied Rule 42(b).  *Gaddy*, No. 14-1928, 2018 WL 1478134, at *1–2.

(2) Applying Rule 42(b), Judge Duffey *denied* the defendant's request to tri-furcate the trial in that product liability case involving "severe injuries to Plaintiff." *Id.*

(3) Judge Duffey explicitly held that, under Rule 42(b), "trifurcation is not appropriate" and "separating the trial into three phases where the issues in each phase are interrelated would result in inefficiency and waste of time and expense." *Id.*

(4) Although Judge Duffey *bi*-furcated the trial into a liability/compensatory damages phase and an amount of punitive damages phase, that was because *the parties agreed* that "the determination of the amount of punitive damages, if the jury finds an award of them appropriate, should be decided in a second trial phase." *Id.* at *2–3.  Judge Duffey did not analyze whether the bifurcation

5

provision of Georgia's punitive damages statute was a matter of state law, because that issue was not in dispute.

Judge Duffey did not hold in *Gaddy* that Georgia's procedure for *bi*-furcating punitive damages is substantive state law. But even if he had, that decision would run afoul of the law of at least six circuits. If there is a relevant point in *Gaddy*, it is that *tri*-furcating a trial is obviously inefficient and should not be ordered in a serious personal injury/wrongful death products liability case.

Toyota's misrepresentations about the law aside, the law is that this Court has sole discretion under Rule 42(b) to order separate phases of a trial, or to refuse to do so. It is up to this Court—plain and simple. State law is irrelevant.[2]

---

[2] For what it is worth, Toyota's contention that the Georgia statute dealing with trifurcation in state court (O.C.G.A. § 51-12-15) is "substantive" is refuted by the plain language of the statute. The first sentence of O.C.G.A. § 51-12-15 states: "In any action to recover damages for bodily injury or wrongful death, any party may elect, by written demand prior to the entry of the pretrial order, to have fault and any award of damages determined at trial in the following *manner* . . ." (Emphasis added). The word "manner" means "a mode of *procedure*." Oxford English Dictionary, "manner (n.), sense III.9.a," June 2025, https://doi.org/10.1093/OED/7922432968 (emphasis added).

Under Rule 42(b), "the party seeking separate trials [] has the burden of proving that separation of the cases is necessary." 9A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2388 (3d ed.) (collecting cases).

Although Toyota "demands" that the Court order "trifurcation," Toyota does even attempt to argue that trifurcation is necessary for "convenience, to avoid prejudice, or to expedite and economize," let alone attempt to prove any of those things. *See* Fed. R. Civ. P. 42(b). Toyota's only argument for why the Court should order "trifurcation" is that Georgia's trifurcation statute is "substantive" and the Court is bound to follow it. That is simply wrong. Toyota does not offer any other argument for "trifurcation." Toyota has not met its burden.

Nor *could* Toyota meet its burden. Trifurcation would not be convenient, avoid prejudice, or expedite and economize. It would result in the opposite of those things. Among other things, "trifurcation" would require the Court and the jury to sit through three separate trials, hear three separate opening statements and closing arguments from two sets of lawyers, sit through three sets of jury charges, and deliberate three times. That procedure could also prejudice Plaintiff: once the jury learns that it is going to have sit through that three separate trials, some jurors

may be inclined to decide issues in a way that avoids additional phases, human nature being what it is.  This is likely Toyota's tactic.

Critically, Toyota does not argue that it will be *prejudiced* in any way if the Court declines to trifurcate the trial.  To the contrary, Toyota literally argues that "a *single*-phase trial will best serve the interests of judicial efficiency and may shorten the trial by eliminating the need for two opening arguments, two closing arguments, two jury charge conferences, and two jury deliberations."  Doc. 179-10 at 7.

Toyota's attempt to argue that the "interests of justice" are better served by a single-phase trial as opposed to *bi*-furcated trial while at the same time arguing that the Court should *tri*-furcate the trial is, to borrow from Churchill, "a riddle, wrapped in a mystery, inside an enigma."  BBC Radio Broadcast, October 1, 1939.  During the Local Rule 16.4(A) conference counsel had before filing their proposed pretrial order, Toyota's lawyer said Toyota would explain the reasons why Toyota

is opposing *bi*-furcation while seeking *tri*-furcation in its then-forthcoming trial brief.[3] Toyota did not do so. It makes no sense.[4]

Having further reflected on it since submitting the proposed Consolidated Pretrial Order, Plaintiff's counsel believe that the wisest course is for the Court to order *bi*-furcation.[5] In other words, Plaintiff requests that the Court order that the trial proceed in two phases. During the first phase, the jury will decide liability, the

---

[3] MR. PRATHER: . . . It sounds like Toyota is requesting trifurcation but in the event the Court doesn't order trifurcation, is opposing bifurcation.
Did I -- do I understand that correctly?

MR. BOORMAN: You do, yes.

MR. PRATHER: Okay. And are the reasons for that laid out in the trial brief?

MR. BOORMAN: Yes, they will be.

Tr. of 7/31/25 Pre-Filing PTO Conf. of Counsel at 8/15–25. Plaintiff's counsel is glad to provide this transcript to the Court in the event the Court would like to review it.

[4] Toyota contends that Georgia law entitles Toyota to waive bifurcation if the Court does not trifurcate the trial. Once again, this Court has discretion regarding whether or not to bifurcate the trial, pursuant to Rule 42(b). State law is irrelevant. The decision belongs to the Court, not to Toyota.

[5] The Court is always permitted to "order separate trials on its own motion." 9A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2388 (3d ed.) (collecting cases).

9

amount of compensatory damages to be awarded, whether punitive damages must be imposed on Toyota, and whether Plaintiff is entitled to an award of attorneys' fees.  In the event the jury checks "yes" to punitive damages and/or to attorneys' fees, the Court would immediately hold a brief second phase of the trial with the same jury for the jury to determine the amount of punitive damages and/or attorneys' fees to be awarded.  Plaintiff's counsel have tried many such two-phase product liability trials, most recently in *Brogdon (Mills) v. Ford Motor Company*, No. 23-88 (M.D. Ga.) in front of The Honorable Clay D. Land in February 2025. The second phase is typically completed in a few hours.  During the second phase, evidence of the defendant's wealth can be admitted (assuming the jury has checked "yes" to punitive damages) without any risk that the defendant can claim on appeal that the admission of the wealth evidence during a single-phase trial somehow prejudiced the jury in its decision on liability.  As the Second Circuit has stated, "bifurcation of the amount of punitive damages" is the "preferred method," but the decision whether to bifurcate is "ultimately [left] to the discretion of the district judge." *Simpson*, 901 F.2d at 283.

      In the event the trial is conducted in a single phase, Toyota may crawfish on its current contention that a single-phase trial better serves the "interests of justice"

than a bifurcated trial and argue on appeal that Toyota suffered some sort of prejudice due to wealth evidence being introduced to the jury while the jury was tasked with deciding liability. The number one imperative for Undersigned Plaintiff's counsel in a no-defense case such as this has long been to assiduously seek to avoid appellate "issues." *Bi*-furcating the trial will avoid any potential claim by Toyota on appeal that introduction of wealth evidence prejudiced Toyota as to liability if the Court were to conduct the trial in a single phase.

## **CONCLUSION**

Toyota removed this case to Federal Court from Fulton State Court. In so doing, Toyota elected to forfeit its ability to insist that the case be *bi*-furcated (under O.C.G.A. § 51-12-5.1) or *tri*-furcated (under O.C.G.A. § 51-12-15). Those state procedural laws do not bind this Court. This Court is instead bound by Federal Rule of Civil Procedure 42(b). Plaintiff respectfully requests that the Court exercise its discretion under Rule 42(b) and order a *bi*-furcated trial of this case. Plaintiff further respectfully requests that the Court exercise its discretion to deny Toyota's request for a *tri*-furcated trial of this case.

Respectfully submitted, this 15th day of August, 2025.

                                 BUTLER PRATHER LLP

                                 */s/ Ramsey B. Prather*
                                 JAMES E. BUTLER, JR.
                                 Georgia Bar No. 099625
                                 jim@butlerprather.com
                                 RAMSEY B. PRATHER
                                 Georgia Bar. No. 658395
                                 ramsey@butlerprather.com
                                 DANIEL E. PHILYAW
                                 Georgia Bar No. 877765
                                 dan@butlerprather.com
                                 ALLISON B. BAILEY
                                 Georgia Bar No. 478434
                                 allison@butlerprather.com
                                 CAROLINE SCHLEY
                                 Georgia Bar No. 511349
                                 caroline@butlerprather.com
                                 P.O. Box 2766
                                 Columbus, GA 31902
                                 Phone: 706-322-1990
                                 Fax: 706-323-2962

                                 **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

          BY: */s/ Ramsey B. Prather*
               RAMSEY B. PRATHER
               Georgia Bar No. 658395
               ramsey@butlerprather.com
               105 13th Street
               Columbus, GA 31901
               Phone: (706) 322-1990
               Fax: (706) 323-2962

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Michael R. Boorman<br>Georgia Bar No. 067798<br>mboorman@watsonspence.com<br>Philip A. Henderson<br>Georgia Bar No. 604769<br>phenderson@watsonspence.com<br>WATSON SPENCE LLP<br>Bank of America Plaza<br>600 Peachtree Street NE, Suite 2320<br>Atlanta, GA 30308229-436-1545<br><br>Bard D. Borkon<br>Bard.borkon@bowmanandbrooke.com<br>Jessica Garrity<br>Jessica.Garrity@bownmanandbrooke.com<br>BOWMAN AND BROOKE, LLP<br>150 South Fifth Street<br>Suite 3000<br>Minneapolis, MN 55402<br>612-339-8682<br><br>*Attorneys for the Toyota Defendants* | Wayne S. Melnick<br>Georgia Bar No. 501267<br>wmelnick@fmglaw.com<br>E. Andrew Treese<br>Georgia Bar No. 556850<br>atreese@fmglaw.com<br>Geoffrey F. Calderaro<br>Georgia Bar No. 991159<br>geoffrey.calderaro@fmglaw.com<br>FREEMAN MATHIS & GARY, LLP<br>100 Galleria Parkway, Suite 1600<br>Atlanta, Georgia 30339<br>770-818-0000<br><br>*Attorneys for Jim Ellis Automotive Holdings, Inc.* |

This 15th day of August, 2025.

        BUTLER PRATHER LLP

        */s/ Ramsey B. Prather*
        RAMSEY B. PRATHER
        Georgia Bar No. 658395
        ramsey@butlerprather.com
        Post Office Box 2766
        Columbus, GA 31902
        (706) 322-1990
        (706) 323-2962 (fax)
        ***Attorney for Plaintiff***